**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2004-CA-01378-SCT**

*IN THE MATTER OF THE ESTATE OF RUSSELL R. NECAISE, SR., DECEASED: RAYMOND NECAISE*

*v.*

*CHERYL SEAY, EXECUTRIX*

DATE OF JUDGMENT:                   06/08/2004
TRIAL JUDGE:                        HON. CARTER O. BISE
COURT FROM WHICH APPEALED:          HARRISON COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANT:            PAUL BROOKS EASON
                                    LEIGH B. ALLEN, III
                                    LYNNE KNIGHT GREEN
                                    WILLIAM CLIFTON PENICK, IV
ATTORNEY FOR APPELLEE:              NICHOLAS VAN WISER
NATURE OF THE CASE:                 CIVIL - WILLS, TRUSTS, AND ESTATES
DISPOSITION:                        AFFIRMED - 08/11/2005
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WALLER, P.J., EASLEY AND GRAVES, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

**PROCEDURAL HISTORY**

¶1.     Cheryl Seay, the executrix of the Estate of Russell Raymond Necaise, Sr., filed suit in the Chancery Court of the First Judicial District of Harrison County against Russell Raymond Necaise, Jr., (Raymond), seeking recovery of his pro rata share of the estate taxes. The trial court granted summary judgment in favor of the Estate. The trial court simultaneously issued

a final judgment holding Raymond liable to the estate for $118,920, the amount of his pro rata share. Raymond appeals this judgment to this Court.

## FACTS

¶2. In 1989 and 1999, Russell Raymond Necaise, Sr. (Decedent) made inter vivos gifts to Raymond equaling one-half (½) of the stock of Necaise Construction Company. When the Decedent made his gifts to Raymond, the Decedent's federal unified credit exemption for gift and estate taxes was reduced, thereby increasing the estate's tax liability at his death. Therefore, the gift to Raymond depleted the Estate's unified tax credit.

¶3. On June 23, 2000, the Decedent died, leaving a will directing that the stocks given to Raymond should be considered his inheritance, and Raymond, therefore, does not receive anything from the will. The will instructed the executrix to collect the estate taxes from persons interested in the estate, including Raymond for the inter vivos gifts.

¶4. On May 20, 2003, Cheryl Seay, as executrix of the estate, sued Raymond for his pro rata share of the estate taxes.

¶5. The trial court found for the estate, imposing the pro rata share of the taxes on Raymond. Raymond now appeals to this Court raising the following issue: whether Raymond should be required to pay a pro rata share of the Decedent's estate taxes on the lifetime gift.

## LEGAL ANALYSIS

¶6. The Mississippi Uniform Estate Tax Apportionment Act, Miss. Code Ann. § § 27-10-1 to -25 (Rev. 2003), provides:

> unless the will otherwise provides, the tax shall be apportioned among all persons interested in the estate. The apportionment shall be made in the proportion that the value of the interest of each person interested in the estate

2

bears to the total value of the interests of all persons interested in the estate...
*If the decedent's will directs a method of apportionment of tax different from the method described in this chapter, the method described in the will controls.*

Miss. Code Ann. § 27-10-7 (emphasis supplied).

¶7. Here, Raymond argues that he is not a person interested in the estate as the gift was received as a transfer made during the Decedent's lifetime, and he received nothing pursuant to the will.

¶8. Miss. Code Ann. § 27-10-5(d) defines "person interested in the estate" as follows:

any person including an executor, administrator, guardian, conservator or trustee, entitled to receive, or who has received, *from a decedent while alive or by reason of the death* of a decedent any property or interest therein included in the decedent's taxable estate

Miss. Code Ann. § 27-10-5(d) (emphasis supplied).

¶9. Clearly, Raymond meets the definition of "person interested in the estate" as provided in Miss. Code Ann. § 27-10-5(d). He has received an interest from the decedent's estate while alive. As such, Raymond is a person interested in the estate as defined by Miss. Code Ann. § 27-10-5(d). Raymond, therefore, must pay his pro rata share of the estate taxes as directed by the will.

¶10. The will provides:

Each bequest under my Will, whether such bequest is specific or residual, shall be charged with the payment of its proportionate part of Mississippi and federal estate taxes payable by reason of my death including interest and *penalties thereon as provided for under Mississippi Code Ann. § 27-10-1, et seq., except that in allocating the taxes among the beneficiaries, any lifetime gift made by me... to a beneficiary, including my son RUSSELL RAYMOND NECAISE, JR., which would be an adjusted taxable gift on my estate tax return...[,] shall be taken into account and treated as if such gift... is a part of the bequest to such beneficiary under this Will.*

3

¶11. The trial court held:

This Court finds, based upon the four corners of the will[,] that Russell [Decedent] clearly intended for the gift of stock to his son Raymond to bear its pro rata share of the estate tax burden....

With the federal government's adoption of the Tax Reform Act of 1976 [Pub. L. No. 94-455, 90 Stat. 1520 (1976)], the structure of the mechanism for the collection of taxes on the pre- and post-mortem transfers of property changed drastically. The gift tax law and the estate tax law were unified into a single structure. An individual may transfer property up to the value of the "Unified Credit" gift and estate tax free. The total of the non-exempt transfers, both before and after death, which exceeds this amount is subject to taxes by the federal government and the State of Mississippi. Initially, the estate is liable for this tax, but in the event that there are insufficient assets in the estate at the time of death to pay the taxes (as a result of pre-mortem gifts), the recipient of the gifts can be required to pay the pro rata share of the taxes due, based upon the value of the gifts received.

With the adoption of this scheme, the individual states have recognized the potential impact this taxation scheme may have upon the beneficiaries of an estate whose decedent was in the habit of gifting significant assets prior to death. The result can be a disproportionate burden of the transfer taxes upon those beneficiaries of the estate and no responsibility upon the recipients of gifts whose gifts eroded the unified tax credit during the decedent's lifetime. As a result, the Committee for the Drafting of Uniform Laws drafted and published a uniform statute which allows a testator to determine how the tax burden (for which the estate may be ultimately liable) would be allocated between recipients of gifts, and beneficiaries of his estate. *See, Uniform Estate Tax Apportionment Act.*, 8A Uniform Laws Annotated, Master Edition.

Mississippi adopted the Uniform Estate Tax Apportionment Act in 1995. See, Miss. Code Ann. § 27-10-1, et seq....

It is clear under the statute that: (1) any person receiving transfers of assets must bear their pro rata share of the gift and estate tax resulting if that transfer is included in the decedent's taxable estate; and (2) the testator may alter that apportionment (to the extent of funds available in the estate).

Russell Raymond Necaise, Sr., specified that all recipients of either gifts or bequests were to bear their pro rata share of the estate tax burden, and charged the Executrix with the responsibility of collecting those sums....

4

Raymond's receipt of the stock as a gift is included in the taxable estate of Russell. Russell gave the Executrix the right to seek recovery of the pro rata portion of the taxes attributable to that gift. Mississippi Code Annotated §§ 27-10-5, and -7, give the testator the power to recover this amount. As unfair as it seems to Raymond, who must now shoulder this burden, that is the right and prerogative of the legislative branches of the state and federal governments to determine. It is the duty of this Court to follow that law.

¶12. Clearly, the Decedent's will dictates that Raymond owes a pro rata share of the estate taxes for the lifetime gift made to him. Further, Miss. Code Ann. § 27-10-17 allows a testator to determine how the tax burden would be allocated between recipients of gifts and beneficiaries. We find that this assignment of error is without merit.

## CONCLUSION

¶13. It is clear from Miss. Code Ann. §§ 27-10-5(d) & -7 that (1) any person interested in the estate must pay his pro rata share of the estate taxes if that interest is included in the decedent's taxable estate; (2) Raymond has such an interest in the estate via the inter vivos transfers; (3) the testator may alter the apportionment, excluding a beneficiary from payment of his pro rata share; and (4) the decedent here did not alter the pro rata apportionment. Therefore, we affirm the judgment of the trial court.

¶14. **AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND GRAVES, JJ., CONCUR. DIAZ, DICKINSON AND RANDOLPH, JJ., NOT PARTICIPATING.**